■ ROBERT LEGOFF et al., Respondents, v 34TH STREET PARTNERSHIP, INC., Appellant, et al., Defendants. [759 NYS2d 393] —In an action to recover damages for personal injuries, etc., the defendant 34th Street Partnership, Inc., appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated November 8, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff (hereinafter the plaintiff) slipped and fell on an accumulation of snow while attempting to cross the street from the northeast corner of the intersection of 31st Street and Eighth Avenue in Manhattan. Throughout the area, access to the street from the sidewalk was blocked by mounds of snow that the plaintiff described as being "almost up to [his] waist."

In order to cross the street, the plaintiff attempted to follow a path made up of "steps that had been dug into the mound." He slipped and fell after reaching the top of the mound by way of these steps. The Supreme Court denied the motion of the defendant 34th Street Partnership, Inc., for summary judgment. We affirm.

The appellant failed to adduce evidence conclusively establishing that it did not create the allegedly hazardous condition consisting of the steps in the mound of snow. The appellant similarly failed to adduce any evidence conclusively showing that the steps in the mound of snow, which were the immediate cause of the plaintiff's accident, constituted a condition that was no more hazardous than the mound of snow would have been if the steps had not been created.

Under these circumstances, the appellant failed to meet its initial burden of demonstrating its entitlement to summary judgment as a matter of a law, and its motion was properly denied irrespective of the quality of the plaintiffs' submissions in opposition (*see e.g. Giamboi v Manor House Owners Corp.,*

277 AD2d 201, 202 [2000]; *Suntken v 226 W. 75th St.,* 258 AD2d 314, 315 [1999]; *cf., Mandel v City of New York,* 44 NY2d 1004 [1978]; *Convertini v Stewart's Ice Cream Co.,* 295 AD2d 782, 784 [2002]).

The appellant's remaining contention is without merit. Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.