Sonia LEMOS, Plaintiff Below, Appellant,

v.

Winston and Gwendolyn WILLIS, Defendants Below, Appellees.

No. 98,2003.

Supreme Court of Delaware.

Submitted: July 14, 2004.
Decided: Aug. 25, 2004.

Arthur M. Krawitz, Matthew R. Fogg, Doroshow, Pasquale, Krawitz, Siegel & Bhaya, Wilmington, for appellant.

Robert K. Pearce, Perry, Joseph & Pearce, P.A., Wilmington, for appellees.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

This is a direct appeal from a final judgment of the Superior Court that dismissed the plaintiff-appellant Sonia Lemos' ("Lemos") claims. Lemos fell on ice and snow that had accumulated on the sidewalk abutting property owned by the defendant-appellees, Winston and Gwendolyn Willis ("Willises"). Lemos filed a complaint in Superior Court seeking damages for her injuries. The complaint named the Willises as the only defendants.

The plaintiff's allegations of liability were based upon two City of Wilmington ordinances that impose a duty on abutting landowners to remove snow and ice that accumulates on the sidewalk. Both sides filed cross-motions for summary judgment. The Superior Court granted the defendants' motion, holding: first, that this Court's decision in *Burns v. Boudwin* [1] protects abutting landowners from civil liability to third persons for violation of the two City of Wilmington ordinances; and second, that neither of the ordinances at

---

1. *Burns v. Boudwin*, 282 A.2d 620 (Del.1971).

issue created an actionable nuisance *per se* claim.

Lemos filed an appeal with this Court. During the pendency of Lemos' appeal, this Court issued its opinion in *Schadt v. Latchford.*[2] In *Schadt*, we determined that a City of Wilmington ordinance making property owners responsible for the maintenance and repair of abutting public sidewalks conflicted with the Home Rule Charter, which placed that duty on the City of Wilmington. In *Schadt*, we held that the City of Wilmington "repair and maintenance" ordinance was invalid because that conflicting ordinance was not implemented in accordance with the procedures for amending the City of Wilmington's Home Rule Charter.

We directed the parties to file supplemental memoranda addressing the implications of our holding in *Schadt*. In the matter *sub judice*, we have concluded that Section 42–418 of the Wilmington City Code conflicts with Section 5–400(c) of the Wilmington Home Rule Charter. We have also concluded that the *ratio decidendi* of our holding in *Schadt* is controlling. Because Section 42–418 in the Wilmington City Code attempts to impose upon an abutting property owner a duty that is specifically imposed upon the City of Wilmington by the Home Rule Charter, we hold that ordinance is invalid in the absence of an amendment to the Home Rule Charter pursuant to Del.Code Ann. tit. 22, §§ 811–815

### Facts

For purposes of this appeal, the facts are not in dispute. On December 26, 1998, Lemos fell on snow and ice which had accumulated on the sidewalk abutting 1128 Read Street in Wilmington. As a result of this fall, Lemos sustained injuries. At the time of the incident, the property at 1128 Read Street was owned by the Willises. Weather reports indicated that the last snowfall was on December 24, 1998.

### Procedural History

Lemos filed a complaint on December 26, 2000 seeking damages for her injuries. The original complaint alleged common law negligence only. Cross motions for summary judgment were filed. The Superior Court held oral argument on those motions on September 20, 2002. At issue before the Superior Court was whether the Willises could be held liable under theories of negligence or strict liability for failing to remove ice and snow in violation of Sections 42–417 and 42–418 of the Wilmington City Code. Also at issue was whether this failure constituted a nuisance.

At the conclusion of the oral arguments, the Superior Court granted, in part, the Willises' motion for summary judgment. It determined that this Court's decision in *Burns v. Boudwin*[3] precluded recovery on the theory of common law negligence and, therefore, dismissed that negligence claim. The Superior Court reserved judgment with respect to the strict liability and nuisance claims, however, pending the filing of an amended complaint to specifically include those claims.

On September 23, 2002, Lemos filed an amended complaint. The amended complaint alleged a claim of strict liability "according to 1 Wilm. C. § 42–42, for committing and maintaining a nuisance ... in violation of 1 Wilm. C. § 42–417 and 1 Wilm. C. § 42–418." The amended complaint alleged that the rationale applied by the Superior Court in *Latchford v.*

---

**2.** *Schadt v. Latchford*, 843 A.2d 689 (Del. 2004).

**3.** *Burns v. Boudwin*, 282 A.2d 620 (Del.1971).

*Schadt* [4]—i.e., that Wilmington Code Section 42–42's language made the failure to maintain a sidewalk a nuisance *per se* rendering an abutting landowner strictly liable—was applicable to the Lemos claim based upon the Willises alleged violations of Sections 42–417 and 42–418.

On January 23, 2003, the Superior Court rendered its decision on the only remaining cross motion for summary judgment issue: whether violations of Sections 42–417 and 42–418 constituted a nuisance *per se*. The Superior Court concluded that the Superior Court's holding of negligence *per se* in *Latchford* was distinguishable and that the Wilmington City Council had not expressed an intent to codify an actionable nuisance *per se* in either Section 42–417 or Section 42–418. Accordingly, the Superior Court granted the Willises motion for summary judgment on that issue and denied Lemos' motion for partial summary judgment. Final judgment was entered in favor of the Willises.

### Issues on Appeal

■ In this direct appeal, Lemos sets forth two arguments. First, she asserts that the Superior Court erred, as a matter of law, when it found that the Willises owed no duty to keep the sidewalk abutting their property clear from the accumulation of ice and snow.[5] Second, Lemos contends that the Superior Court erred, as a matter of law, in concluding that Sections 42–417 and 42–418 of the Wilmington City Code do not codify a nuisance *per se*, necessitating the imposition of strict liability for violators. We do not reach the merits of these issues. Instead, we hold that Section 42–418 is invalid based on our recent decision in *Schadt v. Latchford.*[6]

### Schadt v. Latchford

Subsequent to the submission of briefs in the matter *sub judice*, this Court reversed the Superior Court's decision in *Latchford v. Schadt*. In that decision, *Schadt v. Latchford* ("*Schadt*"),[7] we concluded that Section 42–42's placement of maintenance responsibility of public sidewalks upon an abutting landowner conflicted with Section 5–400(a) in the City of Wilmington's Home Rule Charter.[8] Section 5–400(a) placed the duty to repair and maintain sidewalks on the City of Wilmington "by itself, or by contract."[9] Because of this conflict, we held that Section 42–42's shifting of repair and maintenance responsibility from the City of Wilmington to abutting landowners was improper, in the absence of an amendment to the Home Rule Charter. In *Schadt*, we held that such an amendment could only "be made by Wilmington voters or the General Assembly in the form of a properly enacted Charter change and not by ordinance of the Wilmington City Council."[10]

■ Following our decision in *Schadt*, this Court directed the parties to submit supplemental memoranda. Lemos ac-

---

**4.** *Latchford v. Schadt,* 2001 WL 392254 (Del.Super.Apr.11, 2001).

**5.** Lemos also raises, for the first time, the issue of whether the defendants' violation of Sections 42–417 and 42–418 constitutes negligence *per se*. We do not address that contention because it is well settled that this Court reviews only those arguments fairly presented to the trial court. Supr. Ct. R. 8; *Delaware Elec. Co-op., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del.1997).

**6.** *Schadt v. Latchford,* 843 A.2d 689 (Del. 2004).

**7.** *Schadt v. Latchford,* 843 A.2d 689 (Del. 2004).

**8.** *Id.* at 694.

**9.** 1 Wilm. C. § 5–400(a).

**10.** *Schadt v. Latchford,* 843 A.2d at 694.

knowledges that "the applicability of *Schadt v. Latchford* to her case turns, in part, on the scope of the term "city streets" as used in [Section 5–400]." In support of her effort to distinguish the *Schadt* decision, Lemos points out that, unlike Section 5–400(a), the language of Section 5–400(c) does not include a specific reference to the duty of removing ice and snow from city "sidewalks."[11] Conversely, the Willises assert that Section 5–400(c) *does* impose the duty of snow removal upon the City of Wilmington, notwithstanding the absence of a specific reference to "sidewalks" within that section, because the City of Wilmington Home Rule Charter's general definition of "streets" includes sidewalks. We have concluded that the Willises' position is correct.

### Charter Section 5–400(c)

In this case, unlike *Schadt*, the pertinent section of the Home Rule Charter is not Section 5–400(a). Rather, it is Section 5–400(c). Nevertheless, the *ratio decidendi* of this Court's holding in *Schadt* is applicable: the City of Wilmington may not shift duties specifically imposed upon it by the Home Rule Charter unless it follows the procedures set forth in Del.Code Ann. tit. 22, §§ 811–815.[12]

Section 5–400(c) of Wilmington's Home Rule Charter provides that the Department of Public Works "shall itself, or ... by contract ... remove and dispose of ice and snow from city streets."[13] This language is similar to Section 4–500(a)'s language stating that the Department "shall itself, or by contract, ... repair and maintain city streets, which shall include highways ... footways ...."[14] Both sections of the Home Rule Charter follow the common law rule that the duty to keep the sidewalk in a reasonably safe condition rests with the municipality, and not abutting landowners.[15]

Lemos, however, argues that the definition of the term "city streets" in subsection (c) is narrower than the same term as used in subsection (a). In *Schadt*, we held that the language describing "city streets" in Section 4–500(a) included public sidewalks.[16] Lemos correctly points out that, in contrast to subsection (a), subsection (c) "contains no specific definition of 'city streets', and contains no direct reference to sidewalks or footways."

11. Lemos contends that it can be inferred from the language of subsection (c) that it was never the intent of the Home Rule Charter to place the duty to keep public sidewalks free from ice and snow on the City of Wilmington.

12. *Schadt v. Latchford*, 843 A.2d 689, 691, 694 (Del.2004).

13. 1 Wilm. C. § 5–400(c).

14. 1 Wilm. C. § 5–400(a).

15. There is no common law duty on an abutting landowner to remove natural accumulations of snow and ice from sidewalks. *See* 19 Eugene McQuillin, Municipal Corporations § 54.42.20 (3d ed. 1994 & Supp. 2001). Rather, it is generally held that this duty "is imposed upon the city to use reasonable care to keep its sidewalks safe for passage by its citizens." *Burns v. Boudwin*, 282 A.2d at 622 (citing M.C. Dransfield, Annotation, *Municipal Liability For Injuries From Snow and Ice On Sidewalk*, 39 A.L.R.2d 782 (1955)). Nevertheless, landowners may be made liable by statute, ordinance or charter. 19 Eugene McQuillin, Municipal Corporations § 54.42.20 (3d ed. 1994 & Supp. 2001). However, "an ordinance requiring abutting owners to maintain sidewalks fronting their property does not have the effect of rendering an abutter liable to a pedestrian who is injured by reason of the abutter's violation of the ordinance, unless the ordinance expressly so provides." *Id.*

16. *Schadt v. Latchford*, 843 A.2d at 693.

Although no specific definition of "street" is found in Section 4–500(c), the City of Wilmington Charter does define that word. In 1 Wilm. C. § 1–2, under the heading "Definitions and rules of construction generally", the term streets is defined as follows: " 'Street' includes avenues, boulevards, highways, roads ... and it shall be construed to include a sidewalk or footpath, unless the contrary is expressed or unless such construction would be inconsistent with the manifest intent of the council." [17] Consequently, in the absence of language in the Home Rule Charter to the contrary, the duty imposed upon the City of Wilmington in Section 5–400(c) to remove ice and snow from its streets includes the duty to remove ice and snow from the sidewalks.

### Ordinance Conflicts with Charter

Section 42–418 places the duty of removing ice and snow from public sidewalks on abutting property owners. Wilmington Code Section 42–418 provides:

(a) In case any snow shall fall or ice shall be formed on the sidewalk of any public street in the city, it shall be the duty of the occupant, lessee, owner or agent of the property which fronts or abuts upon any such sidewalk to remove, or cause to be removed, all such snow and ice from that one-half of the sidewalk of the property nearest the building line; and also, to make, or cause to be made, a pathway, no less than two feet in width, from such cleared portion of the sidewalk to the street gutter, by the removal of such snow and ice therefrom. The removal of such snow and ice shall be done within 24 hours after such snow may cease to fall or after the formation of such ice.

Section 42–418 of the Wilmington City Code conflicts with Section 5–400(c) of the Home Rule Charter because it attempts to shift the burden of removing ice and snow from public sidewalks from the City of Wilmington to the abutting landowner.

As this Court explained in *Schadt*, Section 5–400 of the Home Rule Charter limits the City of Wilmington's ability to delegate the duty to keep safe public sidewalks to anyone other than by contract.[18] Like Section 42–42, the section of the Wilmington City Code invalidated in *Schadt*, Section 42–418 " 'represents a wide and inconsistent departure' from the home rule charter approved by a 1979 referendum of Wilmington voters." [19] Such a departure may only be made "by Wilmington voters or the General Assembly in the form of a properly enacted Charter change and not by ordinance of the Wilmington City Council." [20]

### Conclusion

This Court has the authority to affirm a judgment on the basis of a different rationale than the one that was relied upon by the trial court.[21] In this case, we exercise that prerogative to hold that Wilmington City Code Section 42–418 is invalid on the basis of this Court's recent decision in *Schadt*. The final judgment of the Superior Court to dismiss Lemos' claims is affirmed.

---

17. 1 Wilm. C. § 1–2.

18. *Schadt v. Latchford*, 843 A.2d 689, 694 (Del.2004).

19. *Id.* (citations omitted).

20. *Id.*

21. *Accord Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del.1995).