■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNALDO RIVERA, Appellant. [865 NYS2d 588]—Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered on or about January 3, 2007, unanimously affirmed. No opinion. Order filed. Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.

■ JENNIFER O'CONNOR, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. [865 NYS2d 202]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about October 30, 2007, which, in an action for personal injuries sustained in a slip and fall on an ice patch in a public roadway abutting a vacant lot owned by defendant, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No issue of fact exists as to whether the ice patch was created by defendant's structures on defendant's abutting lot that allegedly diverted the flow of rain water from the lot (see Roark v Hunting, 24 NY2d 470, 475 [1969]). Log structures on the lot intended as retaining walls to manage the flow of rain water down the sloping lot did not contain the water. It does not appear, however, from plaintiff's expert's affidavit or report that this failure resulted in anything more than the water taking the natural course it would have taken down the slope and onto the street had the structures never been placed on the lot. Since defendant had no duty "to adopt measures to prevent the flowage of surface water from [its] premises" in the first place (see Tremblay v Harmony Mills, 171 NY 598, 601 [1902]), it cannot be held liable for having adopted measures that were merely ineffective. We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.