■ Bi Chan Lin, Appellant, v Po Ying Yam et al., Respondents. [879 NYS2d 172]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated September 7, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on ice on a sidewalk abutting the defendants' property. The defendants and their

children lived in the premises. Thus, they are exempt from liability imposed pursuant to New York City Administrative Code § 7-210 (b) for failure to remove snow and ice from the sidewalk.

An owner of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates on the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so (see Smalley v Bemben, 12 NY3d 751 [2009]; Roark v Hunting, 24 NY2d 470, 475 [1969]; Robles v City of New York, 56 AD3d 647 [2008]; Bruzzo v County of Nassau, 50 AD3d 720 [2008]; Archer v City of New York, 300 AD2d 518 [2002]). In the absence of such a statute or ordinance, the owner can be held liable only if he or she, or someone on his or her behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous (see Bruzzo v County of Nassau, 50 AD3d 720 [2008]; Archer v City of New York, 300 AD2d 518 [2002]).

In response to the defendants' demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendants made the condition more hazardous than if they had done nothing. Evidence that melting snow on the defendants' property on the sides of the defendants' driveway may have run off onto the sidewalk does not indicate that the defendants made the naturally occurring conditions more hazardous (see Roark v Hunting, 24 NY2d 470, 475 [1969]; O'Connor v Consolidated Edison Co. of N.Y., Inc., 55 AD3d 356 [2008]; Rader v Walton, 21 AD3d 1409 [2005]; Blum v City of New York, 267 AD2d 341 [1999]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur. [See 2007 NY Slip Op 32896(U).]