■ JOAN SCHWINT, Respondent-Appellant, v BANK STREET COMMONS, LLC, Appellants-Respondents, and MICHAEL BELLANTONI, INC., et al., Respondents. [904 NYS2d 220]—

In an action to recover damages for personal injuries, the defendants Bank Street Commons, LLC, Bank Street Commons Maintenance Association, Inc., and Riverstone Residential NE, LLC, appeal from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered May 5, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant Michael Bellantoni, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant Michael Bellantoni, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Michael Bellantoni, Inc., and the defendants Bank Street Commons, LLC, Bank Street Commons Maintenance Association, Inc., and Riverstone Residential NE, LLC, appearing separately and filing separate briefs.

The plaintiff alleged that she was injured when she slipped and fell as she stepped onto an icy mound of snow on the sidewalk in front of the apartment building where she resided. She thereafter commenced this action against, among others, Bank Street Commons, LLC, Bank Street Commons Maintenance Association, Inc., and Riverstone Residential NE, LLC, the owner and managing agent of the apartment building (hereinafter collectively Bank Street), and Michael Bellantoni, Inc. (hereinafter Bellantoni), which performed snow-removal services pursuant to a written contract with Bank Street. In a bill of particulars, the plaintiff specifically alleged that Bellantoni

affirmatively created the condition on which she fell and that Bellantoni made the condition more dangerous.

Generally, a contractual obligation standing alone will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, the Court of Appeals has identified three situations wherein the party who enters into a contract to render services may be held liable in tort to a third party: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [citations omitted], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). A defendant who undertakes to render a service and then "negligently creates or exacerbates a dangerous condition may be liable for any resulting injury" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142). Here, Bellantoni failed to make a prima facie showing that, among other things, its snow-removal efforts did not create or exacerbate the allegedly dangerous condition on the sidewalk (*see Keese v Imperial Gardens Assoc., LLC*, 36 AD3d 666, 668 [2007]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 336-337 [2004]; *cf. Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2d Dept 2010]). Therefore, the Supreme Court erred in granting that branch of Bellantoni's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*cf. Rina v Windemere Home Owners Assn., Inc.*, 66 AD3d 756, 757 [2009]).

Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk (*see Smalley v Bemben* 12 NY3d 751, 752 [2009]; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]; *Martin v City of New York*, 59 AD3d 501 [2009]). In the absence of a statute or ordinance imposing liability, the owner or lessee of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the natural conditions more hazardous (*see Bi Chan Lin v Po Ying Yam*, 62 AD3d at 741; *Robles v City of New York*, 56 AD3d 647 [2008]). Here, the sidewalk at issue was owned by the City of White Plains and the City's ordinance did not impose liability on an abutting property owner, such as Bank Street. However, the Supreme Court properly denied Bank

Street's motion for summary judgment dismissing the complaint and all cross claims insofar as against it because Bank Street failed to establish, prima facie, that the snow-removal efforts performed by it, or on its behalf, did not create or exacerbate the icy condition which led to the plaintiff's slip and fall (*see Robles v City of New York*, 56 AD3d at 648; *Legoff v 34th St. Partnership*, 305 AD2d 552 [2003]).

Given the limited scope of Bank Street's notice of appeal, the issues of whether the Supreme Court erred in denying Bank Street's cross motion for conditional summary judgment on its cross claims against Bellantoni and in granting that branch of Bellantoni's motion which was for summary judgment dismissing Bank Street's cross claims insofar as asserted against it are not before this Court (*see* CPLR 5515 [1]; *Southwell v Middleton*, 67 AD3d 666, 670 [2009]). Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.