■ LUCILLA BECERRA DIAZ, Respondent, v CITY OF NEW YORK, Respondent, and PLAZA CORONA HOLDINGS, LLC, et al., Appellants. [940 NYS2d 654]—

In an action to recover damages for personal injuries, the defendants Plaza Corona Holdings, LLC, Pollo Campero USA, and PCNY 104th Street, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 25, 2010, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Bonita Nail Care, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs to the plaintiff-respondent.

The plaintiff allegedly sustained injuries when she slipped and fell on a patch of snow and ice on the street as she stepped off the sidewalk adjacent to the premises located at 103-24 Roosevelt Avenue in Queens. Subsequently, she commenced this action against, among others, the defendant Plaza Corona Holdings, LLC, the owner of the premises at 130-22, 130-24, and 130-26 Roosevelt Avenue, the defendants Pollo Campero USA and PCNY 104th Street, LLC, which occupied the premises at

103-26 Roosevelt Avenue, and the defendant Bonita Nail Care, Inc., which occupied the premises at 103-22 Roosevelt Avenue (hereinafter collectively the defendants). The Supreme Court denied the defendants' respective motions for summary judgment.

The defendants failed to meet their initial respective burdens of demonstrating their entitlement to judgment as a matter of law by showing that their snow removal methods did not create or exacerbate the allegedly hazardous condition consisting of snow and ice piled on the side of the street adjacent to the premises the defendants either owned or occupied, which allegedly was the cause of the plaintiff's accident (*see Legoff v 34th St. Partnership*, 305 AD2d 552 [2003]; *cf. Smalley v Bemben*, 12 NY3d 751 [2009]; *Hilpert v Village of Tarrytown*, 81 AD3d 781, 782 [2011]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313-1314 [2010]). Therefore, we need not reach the sufficiency of the plaintiff's opposing papers (*see Legoff v 34th St. Partnership*, 305 AD2d at 552-553). Accordingly, the Supreme Court properly denied the defendants' respective motions for summary judgment. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.