■ HERBERT ROGER, JR., Appellant, v HOMESTEAD RENOVATIONS, LLC, Respondent, et al., Defendant. [990 NYS2d 527]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (DiBella, J.), dated October 10, 2012, which granted the motion of the defendant Homestead Renovations, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Homestead Renovations, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

The appellant allegedly slipped and fell on ice on the public sidewalk in front of 56 Noxon Street in Poughkeepsie. Following the accident, the appellant commenced this action against, among others, the owner of the property adjacent to the sidewalk, Homestead Renovations, LLC (hereinafter the respondent), to recover damages for personal injuries. According to the respondent, nonparty Homestead Housing, LLC (hereinafter H.H.), was responsible for performing snow and ice removal on the respondent's behalf at the location of the accident. In the order appealed from, the Supreme Court granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it.

Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk (*see Smalley v Bemben*, 12 NY3d 751, 752 [2009]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Bi*

*Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]; *Martin v City of New York*, 59 AD3d 501 [2009]). In the absence of a statute or ordinance specifically imposing tort liability, as is the case here, the owner or lessee of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the natural conditions more hazardous (*see Schwint v Bank St. Commons, LLC*, 74 AD3d at 1312; *Bi Chan Lin v Po Ying Yam*, 62 AD3d at 741; *Robles v City of New York*, 56 AD3d 647 [2008]).

In support of its motion, the respondent failed to demonstrate that the efforts of H.H. did not increase or exacerbate the hazardous condition of the public sidewalk beyond that which would have naturally occurred in the absence of any snow removal efforts (*see Lee v Ilyasov*, 95 AD3d 1205 [2012]; *Martinez v Khaimov*, 74 AD3d 1031 [2010]; *Robles v City of New York*, 56 AD3d at 647; *Martinez v City of New York*, 20 AD3d 513 [2005]). Moreover, to the extent the respondent argues that it is entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it because H.H. was an independent contractor, that contention is without merit. While the general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not responsible for the independent contractor's actions (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co.*, 101 AD3d 53 [2012]; *Sandra M. v St. Luke's Roosevelt Hosp. Ctr.*, 33 AD3d 875, 877 [2006]), the respondent's submissions failed to establish that H.H. was an independent contractor.

Accordingly, as the respondent failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the motion, regardless of the sufficiency of the appellant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.