■ FREDI ALEXANDER TEPEU, Respondent, v WILLIAM NABRIZNY, Respondent, and MRS. OWEN BROWN, as Executrix of the Estate of OWEN McD BROWN, Appellant. [11 NYS3d 251]—

In an action to recover damages for personal injuries, the defendant Mrs. Owen Brown, as executrix of the estate of Owen McD Brown, appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 25, 2013, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Mrs. Owen Brown, as executrix of the estate of Owen McD Brown, for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

The plaintiff seeks to recover damages for the personal injuries he allegedly sustained on February 13, 2011, when, as a pedestrian walking on a roadway, he was struck by a motor vehicle owned and operated by the defendant William Nabrinzy. The plaintiff alleges that he was forced to walk in the roadway in an attempt to cross the street, because the public sidewalk in front of commercial premises owned by the estate of Owen McD Brown (hereinafter the premises), had an accumulation of

snow preventing him from continuing to walk on the public sidewalk. The premises were once operated as a restaurant, but, since 2006, had remained vacant and marketed for sale.

After issue was joined and discovery conducted, the defendant Mrs. Owen Brown, as executrix of the estate, moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, contending that she had no duty to clean the accumulated snow from the public sidewalk. In opposition, the plaintiff contended that the snow condition on the public sidewalk was caused or exacerbated by the snow removal efforts of the real estate agents retained by Brown. The Supreme Court denied Brown's motion for summary judgment, finding that there were triable issues of fact. Brown appeals, and we reverse.

Absent a statute or ordinance which clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk (*see Smalley v Bemben*, 12 NY3d 751, 752 [2009]; *Roger v Homestead Renovations, LLC*, 119 AD3d 668, 668 [2014]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]). However, the owner of property abutting a public sidewalk will be held liable where he or she, or someone on his or her behalf, undertook snow and ice removal efforts which made the natural conditions more hazardous (*see Roger v Homestead Renovations, LLC*, 119 AD3d at 669; *David v Chong Sun Lee*, 106 AD3d 1044, 1044 [2013]; *Schwint v Bank St. Commons, LLC*, 74 AD3d at 1312).

Here, Brown's submissions established, prima facie, that there was no statute or ordinance which imposed liability upon an abutting landowner for the negligent failure to remove snow and ice from a public sidewalk. The admissible documents submitted by Brown also established that neither she, nor someone on her behalf, undertook snow and ice removal efforts on the public sidewalk (*see David v Chong Sun Lee*, 106 AD3d at 1045; *Krichevskaya v City of New York*, 30 AD3d 471, 471 [2006]). Contrary to the conclusion reached by the Supreme Court, the snow removal efforts admittedly undertaken by the real estate agents retained by Brown were at the steps to the premises, which, according to the plaintiff's deposition testimony, were far from the public sidewalk. Thus, any contention that these efforts caused or exacerbated the accumulation of snow on the public sidewalk is speculative and insufficient to raise a triable issue of fact (*see Marx v Great Neck Park Dist.*, 92 AD3d 925, 926 [2012]; *Cruz v County of Nassau*, 56 AD3d 513, 514 [2008]; *Crudo v City of New York*, 42 AD3d 479

[2007]). Furthermore, we reject the contention that the errata sheets annexed to the transcript of the plaintiff's deposition testimony raised a triable issue of fact, as they did not constitute admissible evidence (*see* CPLR 2101 [b]; *Rosenberg v Piller*, 116 AD3d 1023, 1025-1026 [2014]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47 [2011]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted Brown's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.