■ MARIA CLARA RODRIGUEZ, Respondent, v COUNTY OF WESTCHESTER et al., Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION/FANNIE MAE, Appellant, and NANCY THOMAS et al., Respondents. (And Third-Party Actions.) (Appeal No. 1.) MARIA CLARA RODRIGUEZ, Respondent, v COUNTY OF WESTCHESTER et al., Defendants, CITY OF YONKERS, Appellant, and FEDERAL NATIONAL MORTGAGE ASSOCIATION/FANNIE MAE et al., Respondents. (And Third-Party Actions.) (Appeal No. 2.) MARIA CLARA RODRIGUEZ, Respondent, v COUNTY OF WESTCHESTER et al., Defendants, NANCY THOMAS, Appellant, and FEDERAL NATIONAL MORTGAGE ASSOCIATION/FANNIE MAE et al., Respondents. (And a Third-Party Actions.) (Appeal No. 3.) MARIA CLARA RODRI-

GUEZ, Respondent, v COUNTY OF WESTCHESTER et al., Defendants, BETTER HOMES & GARDENS RAND REALTY et al., Appellants, and FEDERAL NATIONAL MORTGAGE ASSOCIATION/FANNIE MAE et al., Respondents. (And Third-Party Actions.) (Appeal No. 4.) [29 NYS3d 418]—

In an action to recover damages for personal injuries, (1) the defendant Federal National Mortgage Association/Fannie Mae appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), entered November 26, 2013, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) the defendant City of Yonkers separately appeals, as limited by its brief, from so much of an order of the same court, also entered November 26, 2013, as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (3) the defendant Nancy Thomas separately appeals, as limited by her brief, from so much of an order of the same court, also entered November 26, 2013, as denied that branch of her motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against her, and (4) the defendants Better Homes & Gardens Rand Realty and Keystone Asset Management, Inc., separately appeal from an order of the same court, also entered November 26, 2013, which denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the first three orders are reversed insofar as appealed from, on the law, and those branches of the separate motions of the defendants Federal National Mortgage Association/Fannie Mae, City of Yonkers, and Nancy Thomas which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted; and it is further,

Ordered that the fourth order is reversed, on the law, and those branches of the separate motions of the defendants Better Homes & Gardens Rand Realty and Keystone Asset Management, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff allegedly was injured when she fell on a sidewalk near her home in the City of Yonkers on the day after a snowfall. The portion of the sidewalk on which the plaintiff fell had not been shoveled or treated with sand or salt and was located in front of property owned by the defendant Federal National Mortgage Association/Fannie Mae (hereinafter Fannie Mae). Prior to the incident, Fannie Mae had entered into an agreement with the defendant Better Homes & Gardens Rand Realty (hereinafter Better Homes) pursuant to which Better Homes was the listing broker for the property. The defendant Nancy Thomas was the listing agent. Pursuant to an assignment agreement with Fannie Mae, Better Homes was required to notify an independent contractor when snow removal was needed at the property. Fannie Mae and Better Homes each entered into separate agreements with the defendant Keystone Asset Management, Inc. (hereinafter Keystone), to market the property. Pursuant to guidelines for asset management that were incorporated into those agreements, Keystone was obligated to inspect the property no less than once a week and ensure that certain services were being performed regularly, including snow removal.

The Supreme Court erred in denying that branch of the City's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the snow and ice condition which caused the plaintiff's accident, as required by section 24-11 of the Charter of the City of Yonkers (see *Maya v Town of Hempstead*, 127 AD3d 1146 [2015]; *Lopez-Calderone v Lang-Viscogliosi*, 127 AD3d 1143 [2015]; *Johnson v Braun*, 120 AD3d 765, 765-766 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to any exception to the prior written notice requirement, namely, whether the City affirmatively created the alleged defect, or whether the defect was created by the City's special use of the property (see *Gonzalez v Town of Hempstead*, 124 AD3d 719, 721 [2015]; *Zielinski v City of Mount Vernon*, 115 AD3d 946, 947 [2014]). The City's alleged failure to remove the snow and ice from the sidewalk, or to warn of a dangerous condition, were acts of omission, and not affirmative acts of negligence (see *Alfano v City of New Rochelle*, 259 AD2d 645 [1999]; *Grant v Incorporated Vil. of Lloyd Harbor*,

180 AD2d 716 [1992]; *Buccellato v County of Nassau*, 158 AD2d 440, 442 [1990]). There is no allegation that the City made a special use of the sidewalk.

The Supreme Court also erred in denying that branch of Fannie Mae's motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Absent a statute or ordinance which clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk (*see Smalley v Bemben*, 12 NY3d 751, 752 [2009]; *Roger v Homestead Renovations, LLC*, 119 AD3d 668, 668 [2014]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]). However, the owner of property abutting a public sidewalk will be held liable where it, or someone on its behalf, undertook snow and ice removal efforts which made the natural conditions more hazardous (*see Roger v Homestead Renovations, LLC*, 119 AD3d at 669; *David v Chong Sun Lee*, 106 AD3d 1044, 1044 [2013]; *Schwint v Bank St. Commons, LLC*, 74 AD3d at 1312). Here, although section 103-8 of the City Charter places the duty to keep sidewalks clear from snow and ice on the abutting landowner, the Charter does not expressly make the landowner liable for failure to perform that duty (*see Smalley v Bemben*, 12 NY3d 751, 752 [2009]). Furthermore, Fannie Mae established, prima facie, that neither it, nor anyone on its behalf, undertook snow and ice removal efforts on the sidewalk in front of the subject property (*see Tepeu v Nabrizny*, 129 AD3d 935, 936 [2015]; *Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659, 661 [2014]; *cf. Robles v City of New York*, 56 AD3d 647 [2008]). In opposition to Fannie Mae's prima facie showing, the plaintiff failed to raise a triable issue of fact.

Further, the branches of the separate motions of Thomas, Better Homes, and Keystone which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them should have been granted. Those defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against each of them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. The Court of Appeals has identified three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort, to third persons: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties,

'launche[s] a force or instrument of harm'; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [citations omitted], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]). Any duty Thomas, Better Homes, and Keystone had with respect to the plaintiff arose exclusively out of the contracts each of them had with Fannie Mae (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). Fannie Mae owed no statutory or common-law duty to the plaintiff because there was no statute which imposed liability upon it for the negligent failure to remove snow and ice from a public sidewalk, and neither Fannie Mae, nor anyone else on its behalf, undertook any snow removal efforts that made the conditions on the public sidewalk more hazardous. Accordingly, Thomas, Better Homes, and Keystone, the parties with which Fannie Mae contracted, did not owe a duty to the plaintiff (*see generally Tepeu v Nabrizny*, 129 AD3d 935 [2015]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.