2025 UT App 71

# THE UTAH COURT OF APPEALS

KIMBERLY ANN COMPAGNI,
Appellant,
*v.*
BRADLEY KALMAR KLEMESRUD,
Appellee.

Opinion
No. 20231051-CA
Filed May 15, 2025

Third District Court, Salt Lake Department
The Honorable Adam T. Mow
No. 220903687

Jefferson W. Gross and Seamus W. Appel,
Attorneys for Appellant

Kristin A. VanOrman, Jessica J. Johnston, and
Scarlet R. Smith, Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and AMY J. OLIVER concurred.

ORME, Judge:

¶1 After Kimberly Ann Compagni slipped and fell on snow and ice piled on a public sidewalk bordering Bradley Kalmar Klemesrud's property, she sued Klemesrud for negligence. Klemesrud moved for summary judgment, arguing he had no duty to clear the sidewalk. The district court granted Klemesrud's motion and dismissed Compagni's complaint. Because we conclude the district court did so, in part, based on an argument to which Compagni had no opportunity to respond, we reverse and remand.

## BACKGROUND[1]

¶2 Compagni was walking down the public sidewalk bordering Klemesrud's property when she slipped on snow and ice, severely injuring her leg. She sued Klemesrud for negligence, arguing that he had a duty to clear the sidewalk. Klemesrud moved for summary judgment, arguing that he had no such duty because the snow and ice posed an "open and obvious danger"—a "duty-defining rule" under a theory of premises liability. *See Hale v. Beckstead*, 2005 UT 24, ¶ 23, 116 P.3d 263.

¶3 In her opposition to Klemesrud's motion for summary judgment, Compagni argued that a city ordinance (the Ordinance) imposed a duty on Klemesrud to clear the sidewalk. The Ordinance provides,

> In order to better protect the safety of pedestrians, it is unlawful for the owner, occupant, lessor or agent of property abutting on a paved sidewalk to fail to remove . . . all hail, snow or sleet falling thereon, within twelve hours after the hail, snow or sleet has ceased falling[.]

Millcreek, Utah, Municipal Code § 14.32.100 (2025).[2] Compagni also argued that a factual question remained as to whether the snowy and icy sidewalk was an open and obvious danger and that Klemesrud and his family had spoliated evidence bearing on that

---

1. "In reviewing a district court's grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and recite the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 (quotation simplified).

2. We cite the current version of the Millcreek Municipal Code, which does not differ from the version cited by the parties in their briefing.

issue when they attempted to shovel the sidewalk shortly after her fall. She argued this alleged spoliation should justify sanctions and preclude summary judgment on the open and obvious danger issue.

¶4     In his reply to Compagni's opposition, Klemesrud argued that the Ordinance did not impose a duty on him as an abutting property owner. He also raised the new argument that, as the owner of property abutting the "public" sidewalk, he "neither controlled nor possessed" the sidewalk, relieving him of any common law duty to keep it clear.

¶5     In its ruling on Klemesrud's motion, the district court concluded that while an issue of fact remained regarding whether the snow and ice constituted an open and obvious danger, it did not ultimately matter because Klemesrud, as the mere owner of abutting property, was not the possessor of the sidewalk and had no duty under the common law to clear it. The court further concluded that the Ordinance did not impose such a duty, as it "contains no language implying a private right of action based on its violation." The court also declined to address spoliation because Compagni had "improperly embedded her request for spoliation sanctions in her opposition memorandum" in violation of rule 7(n) of the Utah Rules of Civil Procedure and because the issue was moot anyway. Accordingly, the court granted summary judgment in Klemesrud's favor.

¶6     Compagni appeals.

ISSUE AND STANDARD OF REVIEW

¶7     On appeal, Compagni challenges the district court's grant of summary judgment. "We review a district court's legal conclusions and ultimate grant or denial of summary judgment for correctness," viewing "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving

party." *Cochegrus v. Herriman City*, 2020 UT 14, ¶¶ 4 n.2, 14, 462 P.3d 357 (quotation simplified).

ANALYSIS

### I. Duty Under the Ordinance

¶8 Compagni argues that under our Supreme Court's analysis in *Colosimo v. Gateway Community Church*, 2018 UT 26, 424 P.3d 866, the Ordinance imposed a duty on Klemesrud to clear the sidewalk and that the district court erred in concluding otherwise. We disagree.[3]

¶9 In *Colosimo*, a teenager who was trespassing on the roof of a church was fatally electrocuted by a faultily wired electric sign. *Id.* ¶¶ 2–3. The teenager's parents sued the church for negligence, arguing that both the common law and a city ordinance governing wiring of electric signs imposed a duty on the church toward trespassers. *Id.* ¶¶ 1, 7. Recognizing that the ordinance "contains no explicit statement of an intention to create a tort duty owed to others," the Court considered whether the ordinance could nonetheless be adopted as a standard of care. *Id.* ¶ 43.

¶10 The Court looked to the Restatement (Second) of Torts for "guidelines in determining when . . . [to] adopt an ordinance as the standard of care and therefore impose a tort duty." *Id.* ¶ 44 (quotation simplified). Specifically, the Court considered section 286 of the Restatement, which provides,

---

3. We note that in *Colosimo v. Gateway Community Church*, 2018 UT 26, 424 P.3d 866, the Supreme Court held that the defendant owed the plaintiff no duty under either the common law or the applicable ordinance—the same conclusions reached by the district court in the case before us. *See id.* ¶ 53.

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286 (Am. L. Inst. 1965). *See Colosimo*, 2018 UT 26, ¶ 44. But the Court also looked to section 288 of the Restatement. *See Colosimo*, 2018 UT 26, ¶ 44. Section 288 provides,

> The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively
>
> (a) to protect the interests of the state or any subdivision of it as such, or
>
> (b) to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public, or
>
> (c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public, or

(d) to protect a class of persons other than the one whose interests are invaded, or

(e) to protect another interest than the one invaded, or

(f) to protect against other harm than that which has resulted, or

(g) to protect against any other hazards than that from which the harm has resulted.

Restatement (Second) of Torts § 288 (Am. L. Inst. 1965).

¶11  Ultimately, the Court stated that

a defendant may be subject to a duty of care imposed by a statute or ordinance only when the plaintiff shows (1) the existence of the statute or ordinance, (2) that the statute or ordinance was *intended* to protect the class of persons which includes the party, (3) that the protection is directed toward the type of harm which has in fact occurred as a result of the violation, and (4) that the violation of the ordinance or statute was the proximate cause of the injury complained of.

*Colosimo*, 2018 UT 26, ¶ 45 (emphasis in original; quotation otherwise simplified). In conducting this analysis, the Court held that the electric sign ordinance at issue did not impose a duty on the church as it was not intended to protect trespassers like the teenager. *Id.* ¶ 52.

¶12  Compagni argues that the district court—in determining that the Ordinance does not explicitly mention tort liability—did not properly apply the *Colosimo* analysis. But the court was correct in concluding that the plain language of the Ordinance does not

create a private right of action for a violation thereof. This plain language reveals that the purpose of the Ordinance is "to better protect the safety of pedestrians" by charging property owners "abutting on a paved sidewalk" with clearing the sidewalk. Millcreek, Utah, Municipal Code § 14.32.100 (2025). But the Ordinance does not contemplate enforcement via creation of a tort duty with a private right of action. Rather, an abutting landowner who fails to clear the sidewalk is guilty of a class B misdemeanor offense. *See id.* § 14.52.070. In the parlance of the Restatement, the Ordinance "impose[s] upon the actor the performance of a service which the [city] undertakes to give the public." *See* Restatement (Second) of Torts § 288(c) (Am. L. Inst. 1965). But it enforces this duty on the landowner with a criminal sanction rather than by means of a civil action brought by a private party. Thus, the district court correctly concluded that the Ordinance did not impose a duty on Klemesrud that was enforceable by Compagni in a civil lawsuit.

## II. Common Law Duty

¶13    Compagni also argues the district court improperly granted summary judgment based on its conclusion that the common law did not impose a duty on Klemesrud to keep the sidewalk abutting his property clear of snow and ice. We agree with her on this point—but for procedural rather than substantive reasons.

¶14    In Klemesrud's motion for summary judgment, he argued that the snow and ice on the sidewalk were an "open and obvious danger," relieving him of a duty under a theory of premises liability. In her opposition, Compagni argued that the duty Klemesrud owed her was an independent one created by the Ordinance. In his reply, Klemesrud argued that the Ordinance did not create such a duty and—for the first time—he argued that there was no common law duty for him as an owner of property abutting the sidewalk to keep the sidewalk clear. The district

court accepted this new argument, relying on precedent from other jurisdictions to conclude that "there is no common law duty on an abutting landowner to remove snow and ice from abutting sidewalks."

¶15 While the district court may ultimately be right on this point,[4] it should not have granted summary judgment on an issue that was first raised in reply to Compagni's opposition and to which Compagni had no opportunity to respond. Under rule 7 of the Utah Rules of Civil Procedure, a reply memorandum "must be limited to rebuttal of new matters raised in the memorandum opposing the motion." Utah R. Civ. P. 7(e)(1). "The principal reason we do not allow an issue to be first raised in a reply memorandum is because it is unfair to the opposing party to have

---

4. Authority from several other jurisdictions seems to support the district court's determination. *See, e.g.*, *Tepeu v. Nabrizny*, 11 N.Y.S.3d 251, 253 (N.Y. App. Div. 2015) ("Absent a statute or ordinance which clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk."); *Robinson v. Cianfarani*, 107 A.3d 375, 379 (Conn. 2014) (recognizing that "at common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice" and, accordingly, "if the liability is or can be shifted from the municipality to the individual it must be accomplished by . . . ordinance") (quotation simplified); *Foster v. Redd*, 128 P.3d 316, 318 (Colo. App. 2005) ("A landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable.") (quotation simplified); *Lemos v. Willis*, 858 A.2d 955, 958 n.15 (Del. 2004) ("There is no common law duty on an abutting landowner to remove natural accumulations of snow and ice from sidewalks.").

no opportunity to respond." *Stevens v. LaVerkin City*, 2008 UT App 129, ¶ 31, 183 P.3d 1059 (quotation simplified). *See also U.P.C., Inc. v. R.O.A. Gen., Inc.*, 1999 UT App 303, ¶ 63, 990 P.2d 945 ("To allow a party to raise new issues in its rebuttal materials is improper because it precludes the other party the opportunity to respond."). *Cf.* Utah R. Civ. P. 56(f)(2) ("After giving *notice and a reasonable time to respond*, the court may . . . grant the motion [for summary judgment] on grounds not raised by a party.") (emphasis added).

¶16 Here, Compagni had no opportunity to respond to Klemesrud's arguments regarding the lack of a common law duty of abutting property owners to keep the adjacent sidewalk free of ice and snow.[5] Thus, the district court should not have granted summary judgment on this basis.[6]

---

5. Klemesrud faults Compagni for choosing "not to supplement her opposition or ask the court to defer its decision based on [Klemesrud's] reply." But Compagni had no duty to retroactively supplement her opposition to the summary judgment motion in response to an argument Klemesrud raised for the first time in reply. Nor should she be faulted for failing to ask the court to defer its decision based on this reply.

6. Compagni also argues the district court incorrectly declined to address her motion for sanctions based on spoliation. But "[a] party may not make a motion in a memorandum opposing a motion." Utah R. Civ. P. 7(n). And Compagni does not challenge the district court's conclusion that she made a motion for sanctions in her opposition to summary judgment. Thus, the district court properly declined to address the spoliation motion and supporting arguments.

CONCLUSION

¶17    The district court correctly determined that the Ordinance did not impose a duty on Klemesrud that is enforceable in a civil lawsuit. But because the court improperly considered the issue of common law duty that was raised for the first time in Klemesrud's reply to Compagni's opposition to summary judgment, we reverse the court's grant of summary judgment on this issue without deciding its merits, and we remand for such further proceedings as may now be appropriate.

—————