■ JUNE CONLON, Appellant, v VILLAGE OF PLEASANTVILLE et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan J.), entered June 24, 1987, which granted the respective motions of the defendants Guilio and Marilyn Vedovino and the Village of Pleasantville for summary judgment, and *sua sponte* granted summary judgment to the defendant Baker.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff instituted this action to recover damages resulting from her fall over an allegedly raised section of sidewalk. The plaintiff contends that files in the office of the village superintendent of water in connection with a "sidewalk reconstruction program", which indicated there was some damage to the sidewalk, constitute actual notice to the village within the meaning of the Village Law § 6-628.

Prior notice laws such as the provision at issue are to be strictly construed. Village Law § 6-628 requires that "written notice of the defective * * * condition * * * [be] actually given to the village clerk". A report by the superintendent of water is not "written notice * * * to the village clerk". Because the plaintiff has not satisfied the statutory condition precedent to maintaining her claim against the village *(see, Cipriano v City of New York,* 96 AD2d 817; *Laing v City of New York,* 133 AD2d 339, *affd* 71 NY2d 912), and has not shown that this case presents an exception to that requirement *(see, Zigman v Town of Hempstead,* 120 AD2d 520), summary judgment was properly granted in favor of the village.

The plaintiff further contends that it was error to grant summary judgment to the other defendants since they owned the land abutting the public sidewalk. We find the granting of

summary judgment to those defendants was proper. It is well settled that an owner of land abutting on a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition *(City of Rochester v Campbell,* 123 NY 405; *Lodato v Town of Oyster Bay,* 68 AD2d 904). Village of Pleasantville Code § 44.24, which provides that landowners shall maintain sidewalks in a safe state of repair, does not impose liability upon the Vedovinos and Baker. In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he will be liable to those who are injured *(Jacques v Maratskey,* 41 AD2d 883; *Kiernan v Thompson,* 137 AD2d 957). No such language is contained in the subject ordinance.

Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint against all of the defendants. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.