■ JOHN NORCOTT, Respondent, v CENTRAL IRON METAL SCRAPS et al., Appellants, et al., Defendant. [625 NYS2d 260] —In an action to recover damages for personal injuries, the defendants Central Iron Metal Scraps and Leonard Formato appeal from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 3, 1994, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted and the complaint is dismissed insofar as it is asserted against them.

The plaintiff allegedly slipped on a patch of ice while walking on a sidewalk abutting the appellants' property. The plaintiff claims that the appellants failed to clear away the ice within a reasonable time after it accumulated and that this omission constituted an actionable violation of Administrative Code of City of New York § 16-123. We disagree.

An abutting landowner may not be held accountable for failure to remove snow or ice from a public sidewalk based

upon violation of an ordinance which does not explicitly impose liability for personal injuries *(see, Roark v Hunting,* 24 NY2d 470; *City of Rochester v Campbell,* 123 NY 405; *Conlon v Village of Pleasantville,* 146 AD2d 736; *Appio v City of Albany,* 144 AD2d 869; *Spector v Puglisi,* 9 Misc 2d 250). This Court has held, "[i]n order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state that if the landowner breaches that duty he will be liable to those who are injured" *(Conlon v Village of Pleasantville, supra,* at 737).

Here, while Administrative Code § 16-123 requires that landowners, *inter alia,* remove snow and ice accumulations from abutting sidewalks, nowhere does it state that upon breach of that duty, the landowner will be liable to those who have sustained injuries *(Conlon v Village of Pleasantville, supra,* at 737; *see also, Donnelly v Feit,* 199 AD2d 365). Since the appellants owed no duty to the plaintiff under the circumstances presented, their motion for summary judgment should have been granted. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.