■ PHILIP GOHN, Appellant, v LORRAINE HOFFMAN, Respondent. [668 NYS2d 942] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated March 20, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

An abutting landowner may not be held accountable for failure to remove snow or ice from a public sidewalk based upon violation of an ordinance which does not explicitly impose liability for personal injuries (*see, Roark v Hunting,* 24 NY2d 470; *Norcott v Central Iron Metal Scraps,* 214 AD2d 660; *Conlon v Village of Pleasantville,* 146 AD2d 736). "In order for a statute, ordinance or municipal charter to impose tort liability upon an abutting owner for injuries caused by his or her negligence, the language thereof must not only charge the landowner with a duty, it must also specifically state if the landowner breaches that duty he will be liable to those who are injured" (*Conlon v Village of Pleasantville, supra,* at 737).

Here, while New Hyde Park Code § 165-5 requires that landowners remove snow and ice accumulations from abutting sidewalks, nowhere does the ordinance state that upon breach of that duty, a landowner will be liable to those who have sustained injuries (*see, Conlon v Village of Pleasantville, supra,* at 737). Thus, the defendant's motion for summary judgment dismissing the complaint was properly granted. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.