■ LOIS KLOBERDANZ, Appellant, v ESTATE OF FRANK ARENA et al., Respondents. [694 NYS2d 397] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated June 2, 1998, which granted the motion of the defendants Estate of Frank Arena and Stella DeLucia and the separate motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court, entered October 15, 1998, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for personal injuries she allegedly suffered when she slipped and fell on snow and/or ice on the public sidewalk adjacent to property located at 114-16 107th Avenue in Richmond Hill, Queens, on February 3, 1996. The premises had been owned by Frank Arena, who died in October 1995. Named as defendants in the action were the Estate of Frank Arena, deceased, and Stella DeLucia, as Administratrix of the Estate of Frank Arena, deceased (hereinafter collectively referred to as DeLucia), and the City of New York.

The Supreme Court properly granted DeLucia's motion for summary judgment. As an abutting landowner, DeLucia could not be held liable for the failure to remove snow or ice from a public sidewalk based upon a violation of Administrative Code of the City of New York § 16-123, which does not explicitly impose liability for personal injuries (*see, Norcott v Central Iron Metal Scraps,* 214 AD2d 660; *see also, Roark v Hunting,* 24 NY2d 470; *Gohn v Hoffman,* 248 AD2d 435; *Conlon v Village of Pleasantville,* 146 AD2d 736).

The Supreme Court also correctly granted the City's motion for summary judgment because, as a matter of law, the City did not have a reasonable time to clear the snow and/or ice from the area where the plaintiff fell (*see, Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932; *see, Walker v City of New York,* 251 AD2d 653; *Wall v Village of Mineola,* 237 AD2d 511). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.