■ FRANK PULSIFER et al., Appellants, v JOSEPH ARDITO et al., Respondents. [759 NYS2d 686] —In an action to recover damages for legal malpractice, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Skelos, J.), dated June 28, 2002, which granted the defendants' motion for summary judgment dismissing the complaint, (2) from a judgment of the same court entered July 9, 2002, which, upon the order dated June 28, 2002, is in favor of the defendants and against them, dismissing the complaint, and (3), as limited by their brief, from so much of an order of the same court dated September 23, 2002, as denied that branch of their motion which was for leave to renew and, upon granting that branch of their motion which was for leave to reargue, adhered to the original determination.

Ordered that the appeal from the order dated June 28, 2002, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated September 23, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the one bill of costs is awarded to the respondents.

The appeal from the intermediate order dated June 28, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants established their entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiffs to submit admissible evidence of the existence of a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). In opposition to the defendants' motion, the plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether, but for the defendants' alleged negligence, the plaintiffs would not have purchased the subject house (*cf. Wittich v Wallach,* 201 AD2d 558 [1994]).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew, since they did not proffer a reasonable excuse as to why they failed to submit an expert affidavit with their original motion (*see* CPLR 2221

[e]). Moreover, the Supreme Court, upon granting reargument, properly adhered to its original determination, since the plaintiffs failed to show that the Supreme Court had misapprehended any pertinent law or fact (*see* CPLR 2221 [d]). Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.