■ Thomas Hilpert, Appellant, v Village of Tarrytown et al., Defendants, and VCD Realty Corp., Respondent. [916 NYS2d 817]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 22, 2009, as granted the motion of the defendant VCD Realty Corp. for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by his brief, from so much of an order of the same court entered May 5, 2010, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered December 22, 2009, is dismissed, as the order was superseded by the order entered May 5, 2010, made upon reargument; and it is further,

Ordered that the order entered May 5, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant VCD Realty Corp.

The Supreme Court properly granted the motion of the defendant VCD Realty Corp. (hereinafter VCD) for summary judgment dismissing the complaint insofar as asserted against it, as VCD established, prima facie, that while it undertook snow removal efforts on the sidewalk in question, it did not undertake snow removal efforts at the curb line where the plaintiff fell (see Archer v City of New York, 300 AD2d 518 [2002]). The record demonstrates that the Village of Tarrytown was responsible for snow removal in the streets, including along the curb line. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

Even if the plaintiff fell on the sidewalk, it still would have been proper for the Supreme Court to award summary judgment to VCD. Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk (see Smalley v Bemben, 12 NY3d 751 [2009]; Schwint v Bank St. Commons, LLC, 74 AD3d 1312 [2010]; Ferguson v Shu Ham Lam, 74 AD3d 870 [2010]; Braun v Weissman, 68 AD3d 797 [2009]; Bi Chan Lin v Po Ying Yam, 62 AD3d 740 [2009]). Although the Tarrytown Village Code requires an abutting landowner to remove snow and ice from abutting public sidewalks, it does not specifically impose tort liability for a breach of that duty (see Booth v City of New York, 272 AD2d 357 [2000]; Gohn v Hoffman, 248 AD2d 435 [1998]).

In the absence of a statute or ordinance imposing liability, the owner of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally occurring conditions more hazardous (see *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]; *Braun v Weissman*, 68 AD3d 797 [2009]; *Bi Chan Lin v Po Ying Yam*, 62 AD3d 740 [2009]).

Here, VCD established that, while it did undertake snow removal efforts on the sidewalk, its snow removal activities did not create or exacerbate any dangerous condition on the sidewalk (see *Krichevskaya v City of New York*, 30 AD3d 471 [2006]; *Friedman v Stauber*, 18 AD3d 606 [2005]).

Upon reargument, the Supreme Court properly adhered to its original determination, as the plaintiff failed to show that it had overlooked or misapprehended any pertinent law or fact (see CPLR 2221 [d]; *Krongauz v Rottenstein*, 1 AD3d 486 [2003]; *Pulsifer v Ardito*, 305 AD2d 653 [2003]). Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.