■ KOREN URQUHART, Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Defendant. [925 NYS2d 609]—

In an action to recover damages for personal injuries, the defendant Town of Oyster Bay appeals from an interlocutory judgment of the Supreme Court, Nassau County (Woodard, J.), entered July 27, 2010, which, upon an order of the same court entered July 14, 2010, denying its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of liability finding it 65% at fault in the happening of the accident and the plaintiff 35% at fault, is in favor of the plaintiff and against it, adjudging it 65% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the motion of the defendant Town of Oyster Bay pursuant to CPLR 4401 for a judgment as a matter of law is granted, the complaint is dismissed insofar as asserted against that defendant, and the order entered July 14, 2010, is modified accordingly.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Alicea v Ligouri*, 54 AD3d 784 [2008]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Cathey v Gartner*, 15 AD3d 435, 436 [2005]). Under the circumstances presented here, there was no rational process by which the jury could find in favor of the plaintiff.

A municipality that has enacted a prior written notice law is excused from liability for conditions subject to the prior written notice law absent proof of prior written notice or a recognized exception thereto (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Marshall v City of New York*, 52 AD3d 586

[2008]; *Akcelik v Town of Islip*, 38 AD3d 483, 484 [2007]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a special use confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [internal quotation marks omitted]; *see Melendez v City of New York*, 72 AD3d 913 [2010]; *Schleif v City of New York*, 60 AD3d 926, 928 [2009]; *Desposito v City of New York*, 55 AD3d 659, 660 [2008]). Contrary to the plaintiff's contention, upon the evidence presented at trial, no valid line of reasoning and permissible inferences could possibly have led rational jurors to conclude, as contended by the plaintiff, that the defendant Town of Oyster Bay's salting and sanding operation resulted in a dangerous condition, or exacerbated a previously existing dangerous condition, in the parking lot where she slipped and fell on icy ground (*cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.