■ JOYANNA MARX, Appellant, v GREAT NECK PARK DISTRICT, Respondent, et al., Defendant. [939 NYS2d 518]—

The plaintiff allegedly slipped and fell on a patch of ice while walking on a sidewalk abutting certain land owned by the defendant Great Neck Park District (hereinafter the Park District).

Contrary to the plaintiff's contentions, the Supreme Court properly granted the Park District's motion for summary judgment dismissing the complaint insofar as asserted against it. "Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk" (*Hilpert v Village of Tarrytown*, 81 AD3d 781, 781 [2011]; *see Smalley v Bemben*, 12 NY3d 751 [2009]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]; *Braun v Weissman*, 68 AD3d 797 [2009]). Although the Code of the Village of Great Neck Plaza requires an abutting landowner to remove snow and ice from abutting public sidewalks, it does not specifically impose tort liability for a breach of that duty (*see Hilpert v Village of Tarrytown*, 81 AD3d at 781).

"In the absence of a statute or ordinance imposing liability, the owner of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally occurring conditions more hazardous" (*id.* at 782; *see Schwint v Bank St. Commons, LLC*, 74 AD3d 1312 [2010]; *Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]; *Braun v Weissman*, 68 AD3d 797 [2009]). Here, while the Park District acknowledged that it undertook certain snow removal efforts on the sidewalk, it established, prima facie, that its snow removal efforts did not create or exacerbate any dangerous condition on the sidewalk (*see Hilpert v Village of Tarrytown*, 81 AD3d at 782; *Krichevskaya v City of New York*, 30 AD3d 471, 471 [2006]; *Friedman v Stauber*, 18 AD3d 606, 607 [2005]; *see also Urquhart v Town of Oyster Bay*, 85 AD3d 899, 900 [2011]). In opposition, the plaintiff merely speculated that the icy condition was created by

snow removal activities that were allegedly undertaken by the Park District five days before the incident occurred. Under the circumstances, speculation regarding the actions taken by the Park District and the results of such actions was insufficient to raise a triable issue of fact to defeat the Park District's motion (*see Krichevskaya v City of New York*, 30 AD3d at 471; *Scher v Kiryas Joel Hous. Dev. Fund Co.*, 17 AD3d 660, 660 [2005]; *Trabolse v Rizzo*, 275 AD2d 320 [2000]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the Park District's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. [Prior Case History: 29 Misc 3d 1217(A), 2010 NY Slip Op 51860(U).]