In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated June 10, 2011, as granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
In February 2003, the plaintiff allegedly slipped and fell on snow and ice on the sidewalk abutting a vacant restaurant owned by the defendant. The plaintiff thereafter commenced, this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
“Unless a statute or ordinance ‘clearly imposes liability upon’ an abutting landowner, only a municipality may be held liable for the negligent failure to remove snow and ice from a public sidewalk” (Smalley v Bemben, 12 NY3d 751, 752 [2009] [emphasis omitted], quoting Roark v Hunting, 24 NY2d 470, 475 [1969]; Marx v Great Neck Park Dist., 92 AD3d 925, 926 [2012]; Hilpert v Village of Tarrytown, 81 AD3d 781, 781 [2011]). While Administrative Code of the City of New York § 7-210 imposes tort liability on certain parties for, inter alia, negligent failure to remove snow and ice, that statute did not go into effect until September 14, 2003, and, thus, is not applicable here (see Ferguson v Shu Ham Lam, 74 AD3d 870 [2010]; Robles v City of New York, 56 AD3d 647 [2008]). “In the absence of a statute or ordinance imposing liability, the owner of property abutting a public sidewalk will be held liable only where it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally occurring conditions more hazardous” (Hilpert v Village of Tarrytown, 81 AD3d at 782; see Schwint v Bank St. Commons, LLC, 74 AD3d 1312 [2010]; Braun v Weissman, 68 AD3d 797 [2009]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating, through the *1045 plaintiffs deposition testimony that when she fell there were several inches of snow on the ground and that the sidewalk abutting the restaurant had not been shoveled at all, that he did not engage in snow removal activities which created or exacerbated any dangerous condition on the sidewalk (see generally Marx v Great Neck Park Dist., 92 AD3d at 925; Hilpert v Village of Tarrytown, 81 AD3d at 781). Contrary to the plaintiffs contention, the Supreme Court properly considered the deposition transcripts submitted in support of the motion. The unsigned but certified deposition of the defendant was admissible under CPLR 3116 (a), since the transcript was submitted by the party deponent himself and, therefore, was adopted as accurate by the deponent (see Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Ashif v Won Ok Lee, 57 AD3d 700 [2008]). Additionally, in reply to the plaintiffs opposition, the defendant submitted evidence which showed that the plaintiffs certified deposition transcript had been submitted to her for review, but that she failed to sign and return it within 60 days. Thus, the plaintiffs deposition transcript was properly used as fully as though it were signed (see CPLR 3116 [a]; Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763 [2011]). Moreover, this evidence demonstrating the defendant’s compliance with CPLR 3116 (a) was properly considered in reply because it was submitted in direct response to allegations raised for the first time in the plaintiffs opposition papers (see Conte v Frelen Assoc., LLC, 51 AD3d 620, 621 [2008]; Ryan Mgt. Corp. v Cataffo, 262 AD2d 628 [1999]).
The plaintiff failed to raise a triable issue of fact in opposition to the defendant’s prima facie showing. The plaintiffs contention that the defendant created the alleged icy condition by negligently piling snow on the sidewalk, which then melted and refroze over the area in which she fell, was not supported by any evidence other than the conclusory and speculative assertions of an eyewitness to the accident who had been walking behind her when she fell (see Lichtman v Village of Kiryas Joel, 90 AD3d 1001 [2011]; Ravina v Incorporated Town of Green-burgh, 6 AD3d 688, 689 [2004]; Myrow v City of Poughkeepsie, 3 AD3d 480 [2004]; see also McCord v Olympia & York Maiden Lane Co., 8 AD3d 634, 636 [2004]).
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.P, Balkin, Dickerson and Hinds-Radix, JJ., concur.