(January 28, 2015)

■ SHAHLA AHDOUT, Appellant, v GREAT NECK PARK DISTRICT, Respondent. [2 NYS3d 206]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated November 25, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action after she allegedly was injured when she tripped and fell over a defect in a sidewalk abutting land owned by the defendant. She alleged in her complaint and bill of particulars that the defendant breached the provisions of the Code of the Village of Great Neck which require an abutting landowner to keep the sidewalk in good and safe repair. The defendant moved for summary judgment dismissing the complaint, arguing that the Code of the Village of Great Neck does not impose tort liability on abutting landowners for a breach of that duty. In opposition to the motion, the plaintiff argued that the defendant was not merely an abutting landowner, but instead actually owned the subject sidewalk. The Supreme Court granted the defendant's motion, and the plaintiff appeals.

Unless a statute or ordinance clearly imposes liability upon an abutting landowner, only a municipality may be held liable for the negligent failure to maintain a public sidewalk (*see Gohn v Hoffman*, 248 AD2d 435, 436 [1998]; *Norcott v Central Iron Metal Scraps*, 214 AD2d 660, 660-661 [1995]; *see also Marx v Great Neck Park Dist.*, 92 AD3d 925, 926 [2012]). Although the Code of the Village of Great Neck Plaza requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty (*see Marx v Great Neck Park Dist.*, 92 AD3d at 926; *Hilpert v Village of Tarrytown*, 81 AD3d 781 [2011]).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an abutting landowner which could not be held liable under the Code of the Village of Great Neck for negligent failure to maintain the

public sidewalk (*see Marx v Great Neck Park Dist.*, 92 AD3d at 926). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the defendant actually owned the subject sidewalk (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.