OPINION OF THE COURT
Francois A. Rivera, J.
Background
On June 22, 2012, Grant commenced the instant action for damages for personal injuries by filing a summons and complaint with the Kings County Clerk’s office. With leave of the court, Grant served an amended complaint on Fadhel dated May 28, 2014. Fadhel joined issue by a verified answer to the amended complaint dated June 16, 2014. On May 28, 2015, a note of issue was filed. By court order dated July 10, 2015, Fadhel’s time to make a summary judgment motion was extended to September 11, 2015.
Grant’s amended complaint alleges 59 allegations of fact in support of four causes of action. The first cause of action is for common-law negligence. The second cause of action is for damages caused by the defendants’ violations of Labor Law § 200, among other things. The third cause of action is for damages caused by the defendants’ violations of Labor Law § 240 (1). The fourth cause of action is for damages caused by the defendants’ violations of Labor Law § 241 (6).
Grant’s complaint, bill of particulars and deposition testimony allege that Fadhel hired him to perform electrical and other work at his real property located at 137 Kingston Avenue, Brooklyn, New York (hereinafter the subject property). Grant alleges on June 7, 2012, while following Fadhel’s directions, he entered a dumbwaiter to attempt to pass a wire through it to install a circuit breaker. Grant further alleges that the floor of the dumbwaiter collapsed causing him to fall through and severely injure himself.
Fadhel’s verified answer to the amended complaint contains 14 affirmative defenses.
*1011 Law and Application
Fadhel’s motion seeks an order pursuant to CPLR 3212 granting summary judgment on the issue of liability in his favor and dismissal of the complaint.* Fadhel’s motion papers consist of an affirmation of his counsel, Christopher Hannan and 17 annexed exhibits labeled A through Q. Exhibit H is a copy of the transcript of Grant’s deposition conducted on January 7, 2014. Exhibit I is a copy of the transcript of Fadhel’s deposition conducted on January 20, 2015. Hannan’s affirmation and the deposition testimony of Grant and Fadhel are the only documents proffered as sworn testimony (hereinafter the proffered testimony) in support of the motion.
Fadhel relies on the proffered testimony to establish the following grounds for his motion. First, Fadhel claims he is exempt from the liability under the Labor Law because the subject property was a two-family home and his residence. Secondly, he claims that the work he hired Grant to do did not include the installation of electrical wiring or a circuit breaker. Thirdly, he claims that he had no knowledge of a dangerous condition in the dumbwaiter, that he did not tell Grant to enter the dumbwaiter, and that he did not control the manner or method that Grant did his work.
Hannan’s affirmation states that the facts alleged therein are derived from a review of the files and records maintained at his law office. Hannan does not assert personal knowledge of the allegations of fact alleged in the complaint. Consequently, it is not evidence of any of the matters asserted (see Matter of Brusco v Braun, 199 AD2d 27, 31-32 [1st Dept 1993]). It, therefore, has no probative value in meeting Fadhel’s burden of proof.
It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by *1012 presenting evidence in admissible form demonstrating the absence of any material issues of fact (Giuffrida v Citibank Corp., 100 NY2d 72 [2003]).
A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez v Prospect Hosp., 68 NY2d at 324).
“Pursuant to CPLR 3212 (b) a court will grant a motion for summary judgment upon a determination that the movant’s papers justify holding, as a matter of law, ‘that there is no defense to the cause of action or that the cause of action or defense has no merit.’ Further, all of the evidence must be viewed in the light most favorable to the opponent of the motion” (People v Grasso, 50 AD3d 535, 544 [1st Dept 2008], citing Marine Midland Bank v Dino & Artie’s Automatic Transmission Co., 168 AD2d 610 [1990]).
Fadhel and Grant are the only individuals with personal knowledge of the facts alleged in the complaint. However, neither Grant nor Fadhel’s deposition transcript is signed by them or certified by the stenographer. Pursuant to CPLR 3116 (a), before its use, the transcript of the deposition of a deponent must be provided to the deponent for his or her review and signature, and any changes in form or substance desired by the deponent shall be recorded. If a deponent refuses or fails to sign his or her deposition under oath within 60 days, it may be used as if fully signed. The party seeking to use an unsigned deposition transcript bears the burden of demonstrating that a copy of the transcript had been submitted to the deponent for review and that the deponent failed to sign and return it within 60 days (Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763 [2d Dept 2011], citing Pina v Flik Intl. Corp., 25 AD3d 772, 773 [2d Dept 2006]).
Fadhel did not meet this burden. Accordingly, Grant’s deposition transcript is not in admissible form and is disregarded. With regard to Fadhel’s deposition transcript, the outcome is no different. In the case of David v Chong Sun Lee (106 AD3d 1044 [2d Dept 2013]), the Appellate Division, Second Department found that the unsigned but certified deposition of the *1013 defendant was admissible under CPLR 3116 (a), since the transcript was submitted by the party deponent himself and, therefore, was adopted as accurate by the deponent. However, in the instant motion, Fadhel’s transcript is neither signed nor certified. The case at bar, therefore, is distinguishable from the fact pattern discussed in David (106 AD3d 1044 [2d Dept 2013]) and Fadhel’s deposition transcript is not rendered admissible pursuant to CPLR 3116 (a) because it is his own.
Without Fadhel’s and Grant’s deposition testimony, Fadhel’s motion papers contain no allegations of the factual grounds asserted in support of the motion by anyone with personal knowledge. Accordingly, Fadhel has not demonstrated prima facie entitlement to dismissal of the complaint. Fadhel’s motion is denied without regard to the sufficiency of Grant’s opposing papers (Foster v Suffolk County Police Dept., 137 AD3d 855, 857 [2d Dept 2016], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Even assuming, for the sake of argument, that Fadhel’s proffered testimony was admissible, the motion must still be denied. It is noted that Grant’s opposition papers did not. address the admissibility of the proffered testimony. Rather, Grant analyzed Fadhel’s motion as proffering nothing more than a different version of the facts leading up to Grant’s injury. Fadhel’s motion disputed Grant’s factual allegation but did not conclusively establish that any of Grant’s essential allegations of fact were not facts at all. Grant accurately concluded that Fadhel’s motion, at best, merely raises triable issues of credibility.
Conclusion
Fadhel’s motion for an order pursuant to CPLR 3212 granting summary judgment on the issue of liability in his favor as against Grant and dismissing the complaint is denied.

 Paragraph two of the affirmation of Fadhel’s counsel contends that the complaint and all cross claims and counterclaims asserted against Fadhel should be dismissed based on the plaintiff’s inability to present a prima facie showing of liability against him. The motion papers, however, do not include a pleading containing a cross claim or counterclaim asserted against Fadhel and are silent on whether defendant Othman M. Ammari has appeared in the action or interposed an answer to the complaint or amended complaint. Pursuant to CPLR 2001, Fadhel’s request for dismissal of all cross claims or counterclaims asserted against him is disregarded.