■ SHASHAWN OBEE, Respondent, v LUCIANA RICOTTA, Appellant, et al., Defendant. [35 NYS3d 386]—

In an action to recover damages for personal injuries, the defendant Luciana Ricotta appeals from an interlocutory judgment of the Supreme Court, Nassau County (Sher, J.), dated July 17, 2015, which, upon an order of the same court dated March 10, 2015, inter alia, granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against her, is in favor of the plaintiff and against her on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Luciana Ricotta is denied, and the order is modified accordingly.

On April 13, 2012, the plaintiff allegedly tripped and fell over a defective concrete sidewalk slab abutting certain property (hereinafter the property) owned by the defendant Luciana Ricotta in the Incorporated Village of Valley Stream. Approximately three years prior to the alleged incident, Ricotta replaced three slabs of the sidewalk abutting the property. The fourth slab abutting the property, upon which the plaintiff allegedly tripped, had not been replaced.

The plaintiff commenced the instant action against Ricotta and the Village. The Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not received prior written notice of the alleged defect (*see* Village Law § 6-628). The plaintiff cross-moved for summary judgment on the issue of liability as against both defendants. The Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against Ricotta. Ricotta appeals.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Bachvarov v Lawrence Union Free Sch. Dist.*, 131 AD3d 1182, 1184 [2015]; *Maya v Town of Hempstead*, 127 AD3d 1146, 1147 [2015]). Indeed, an abutting landowner, like Ricotta, will only be liable to a pedestrian injured by a dangerous condition on a public sidewalk when the owner " 'either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner . . . liable for injuries caused by a breach of that duty' " (*Maya v Town of Hempstead*, 127 AD3d at 1147, quoting *Hevia v Smithtown Auto Body of Long Is., Ltd.*, 91 AD3d 822, 822-823 [2012]; *see Tepeu v Nabrizny*, 129 AD3d 935, 936 [2015]; *Ahdout v Great Neck Park Dist.*, 124 AD3d 810, 810 [2015]).

Although the Code of Incorporated Village of Valley Stream requires an abutting landowner to keep a sidewalk in good and safe repair (*see* Code of Incorporated Village of Valley Stream §§ 80-44, 90-7 [A]), it does not specifically impose tort liability for a breach of that duty (*see* Code of Incorporated Village of Valley Stream §§ 80-45, 80-46, 90-12). Thus, without proof that Ricotta either created the alleged defective condition or caused it to occur because of a special use, which is absent in the record before us, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability (*see Ahdout v Great Neck Park Dist.*, 124 AD3d at 810; *Palka v Village of Ossining*, 120 AD3d 641, 642 [2014]; *Marx v Great Neck Park Dist.*, 92 AD3d 925, 926 [2012]; *Hilpert v Village of Tarrytown*, 81 AD3d 781 [2011]; *Gohn v Hoffman*, 248 AD2d 435, 436 [1998]).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's cross motion which was for summary

judgment on the issue of liability insofar as asserted against Ricotta without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.