■ Laurene Gallway, Appellant, v Muintir, LLC, et al., Respondents. [38 NYS3d 28]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated December 24, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries allegedly sustained by her when she tripped and fell on a sidewalk abutting premises owned by the defendant Muintir, LLC, where the defendant Dalton Sea Side Grill, Inc.,

operated a restaurant. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not have constructive notice of the alleged defective sidewalk condition that the plaintiff claimed caused her fall. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

In support of their motion, the defendants submitted evidence establishing, prima facie, that they did not have constructive notice of the alleged defective sidewalk condition. An employee of the restaurant in charge of its day-to-day operations testified at his deposition that he did not observe any defects (*see Sperling v Wyckoff Hgts. Hosp.*, 129 AD3d 826, 827 [2015]; *Jackson v Conrad*, 127 AD3d 816, 817 [2015]). Further, the plaintiff's deposition testimony established that, although she had visited the restaurant at least 10 times in the year preceding her accident, she had never observed the alleged sidewalk defect prior to her accident. She described the defect which caused her to fall as cracks radiating from a hole 1½ inches deep, with a diameter larger than a silver dollar. That description, did not, by itself, indicate that the alleged defect was present for a sufficient length of time to give the defendants constructive notice of its existence.

The plaintiff's challenges to the admissibility of the defendants' evidence are without merit. The plaintiff's unsigned deposition was admissible, since it was submitted by the plaintiff herself in opposition to the defendant's motion, thus acknowledging its accuracy (*see Pavane v Marte*, 109 AD3d 970 [2013]). Additionally, the defendants cured any defects in the admissibility of the deposition transcripts submitted in support of their motion by submitting, in reply, the reporter's certification of those transcripts and the fact that the depositions were forwarded to the parties for review and signature (*see* CPLR 2001; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 51 [2014]; *David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in refusing to consider the affidavit of the plaintiff's granddaughter, who was having dinner with the plaintiff in the restaurant on the evening of the accident. The plaintiff failed to disclose the witness to the defendants as a notice witness and did not offer a valid excuse for that failure (*see* CPLR 3101 [a]; *Henry v Higgins*, 117 AD3d 796, 796 [2014]; *Zayas v Morales*, 45 AD2d 610, 612 [1974]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.