Baptiste v Ditmas Park, LLC (2019 NY Slip Op 02844)





Baptiste v Ditmas Park, LLC


2019 NY Slip Op 02844


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-00749
 (Index No. 6882/15)

[*1]Pierre R. Jean Baptiste, etc., respondent, 
v
Ditmas Park, LLC, et al., appellants.


Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY (Adam C. Calvert of counsel), for appellants.
G. Wesley Simpson, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 25, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 2, 2012, the plaintiff's decedent allegedly was injured when she slipped and fell in a building located in Brooklyn that was owned and managed by the defendants. There were no eyewitnesses to the decedent's fall, and she died in February 2015. In June 2015, her husband, as administrator of the decedent's estate and individually, commenced this action to recover damages for personal injuries against the defendants. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the grounds that the plaintiff could not identify the cause of the decedent's fall and that the defendants neither created a dangerous or defective condition nor had actual or constructive notice of the alleged dangerous or defective condition for a sufficient length of time to discover and remedy it. The Supreme Court denied the motion on the ground that the deposition transcripts submitted by the defendants in support of their motion were not in admissible evidentiary form. The defendants appeal.
The Supreme Court should have considered the deposition transcripts submitted by the defendants in support of their motion for summary judgment dismissing the complaint. CPLR 3116(a) provides that "[t]he deposition shall be submitted to the witness for examination and shall be read to or by him or her, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness before any officer authorized to administer an oath. If the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed. No changes to the transcript may be made by the witness more than sixty days after submission to the witness for examination."
Although the plaintiff's deposition transcript, which the defendants submitted in support of their motion, was unsigned, it was nonetheless admissible as the plaintiff raised no objection to its submission or accuracy and, in fact, requested that the Supreme Court "incorporate" [*2]his transcript into his opposition (see Gallway v Muintir, 142 AD3d 948, 949). Regarding the deposition transcript of the decedent's niece, which the defendants also submitted in support of their motion, the defendants demonstrated that they had submitted the unsigned transcript to the decedent's niece for review, but that she failed to sign and return it within 60 days. Thus, the niece's deposition transcript could have been used by the defendants as fully as though signed (see CPLR 3116[a]; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45; David v Chong Sun Lee, 106 AD3d 1044). Furthermore, even though the evidence demonstrating the defendants' compliance with CPLR 3116(a) was submitted by the defendants in reply, the court should have considered it, because it was in direct response to allegations raised for the first time in the plaintiff's opposition papers (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 51; David v Chong Sun Lee, 106 AD3d at 1045). The unsigned deposition transcript of the defendants' property manager was admissible under CPLR 3116(a) since it was submitted by the defendants themselves and thus adopted as accurate (see David v Chong Sun Lee, 106 AD3d at 1045).
While we disagree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint on the ground that the deposition transcripts were inadmissible, we affirm, albeit on grounds different from those relied upon by the Supreme Court.
Contrary to the defendants' contention, they failed to establish, prima facie, that the plaintiff could not identify the cause of the decedent's fall. The defendants, in support of their motion, submitted, inter alia, the plaintiff's verified bill of particulars and the deposition transcripts of both the plaintiff and the decedent's niece. The plaintiff alleged, in his bill of particulars, inter alia, that the decedent slipped and fell on a "liquid slippery substance." During his deposition, he testified that when he found the decedent lying on the floor, her clothes were wet and he observed liquid that smelled like "Ajax" on the steps and on the floor. The decedent's niece testified at her deposition that upon finding her aunt on the floor, she did not see any issue with the steps and that the floor was not wet. Since the plaintiff's deposition testimony and the decedent's niece's deposition testimony were in conflict, the defendants failed to eliminate all triable issues of fact as to the cause of the decedent's fall (see Michalska v Coney Is. Site 1824 Houses, Inc., 155 AD3d 1024, 1026) and failed to establish, prima facie, that the cause of the decedent's fall was not identifiable (see Eisenstein v Block 5298, Inc., 164 AD3d 1304).
The defendants also failed to establish, prima facie, that they did not create or have actual or constructive notice of the alleged dangerous condition on the step and floor where the decedent fell (see Soloveychik v Sea Isle Owners, Inc., 160 AD3d 782, 783). The written statements of the building's superintendent and porter were both unsworn and not in admissible form (see Moore v 3 Phase Equestrian Ctr., Inc., 83 AD3d 677, 679). Moreover, the deposition testimony of the defendants' property manager referred to only general cleaning or inspection practices. It was devoid of any evidence as to when, prior to the decedent's fall, the specific area where she fell was last cleaned or inspected (see Quinones v Starret City, Inc., 163 AD3d 1020, 1021-1022).
Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be reviewed (see Troina v Canyon Donuts Jericho Turnpike, Inc., 166 AD3d 706; Soloveychik v Sea Isle Owners, Inc., 160 AD3d at 783).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court