Kistamma v Saintilus-Alce (2026 NY Slip Op 00364)

Kistamma v Saintilus-Alce

2026 NY Slip Op 00364

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-08808
2024-01173
 (Index No. 608523/20)

[*1]Shankar Kistamma, appellant,
v M. Saintilus-Alce, et al., respondents, et al., defendants.

The Grigoropoulos Law Group, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Meredith Drucker Nolen and Daniel D. Wang of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), entered June 29, 2023, and (2) an order of the same court entered December 29, 2023. The order entered June 29, 2023, insofar as appealed from, granted that branch of the motion of the defendants M. Saintilus-Alce, County of Nassau, and Nassau Inter-County Express Bus which was for summary judgment dismissing the complaint insofar as asserted against them. The order entered December 29, 2023, denied the plaintiff's motion for leave to reargue and renew his opposition to that branch of the prior motion of the defendants M. Saintilus-Alce, County of Nassau, and Nassau Inter-County Express Bus which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order entered December 29, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue (see Commissioner of the N.Y. State Dept. of Transp. v Polite, 233 AD3d 645, 646); and it is further,
ORDERED that the order entered June 29, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order entered December 29, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants M. Saintilus-Alce, County of Nassau, and Nassau Inter-County Express Bus.
In March 2019, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained on January 10, 2018, when he was a passenger on a bus driven by the defendant M. Saintilus-Alce (hereinafter the bus driver) and owned by the defendant Nassau Inter-County Express Bus (hereinafter NICE) that collided with a vehicle operated by the defendant Eric L. DeShields. Following discovery, the bus driver, NICE, and the defendant County of Nassau [*2](hereinafter collectively the bus defendants) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered June 29, 2023, the Supreme Court, among other things, granted that branch of the bus defendants' motion.
Thereafter, the plaintiff moved for leave to reargue and renew his opposition to that branch of the bus defendants' prior motion which was for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order entered December 29, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). The evidence submitted by the bus defendants, which included bus camera footage of the accident from several vantage points, established that the bus, which was traveling west on Hillside Avenue in a bus lane to the right of two westbound lanes of traffic, stopped at the intersection of Hillside Avenue and 188th Street. When the traffic light turned green, DeShields, who was operating a gray van in the middle lane, veered left, collided with a white van, and then veered right, into the bus lane, striking the bus. The bus driver immediately applied the brakes and stopped the bus completely.
Here, the bus defendants demonstrated that the bus driver did not contribute to the accident and in fact acted reasonably and prudently in reaction to the accident. Thus, the bus defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327; Greene v Peets, 217 AD3d 927, 928). In opposition, the plaintiff failed to raise a triable issue of fact (see Ren Yao v World Wide Travel of Greater N.Y., Ltd., 226 AD3d 838, 841).
The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of the bus defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, as the plaintiff failed to proffer a reasonable excuse for failing to submit an expert report with his opposition to that branch of the bus defendants' prior motion (see CPLR 2221[e][3]; Pulsifer v Ardito, 305 AD2d 653).
The parties' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court